ROBERTS, Justice.
James Haines was convicted of burglary, 17-A M.R.S.A. § 401 (1983), criminal trespass, 17-A M.R.S.A. § 402 (1983 & Supp. 1992), and theft, 17-A M.R.S.A. § 353 (1983) (Cumberland County, Bradford, </.). On appeal Haines challenges only the burglary conviction. Because we conclude that the evidence was insufficient to prove the burglary charge, we vacate the judgment as to that count only.
I.
765 Congress Street in Portland is a three-story Victorian brick building that once was a residence and has been converted into an office building. The first and second floors are occupied by attorneys. The third floor is occupied by the New England Family Institute. There are signs on the front of the building indicating who occupies each office. There are, however, no signs restricting public access, such as “no trespassing,” “authorized personnel only,” or “keep out.”
On Saturday, April 13, 1991, at approximately 2:00 p.m., Thomas Fitzgerald, the director of the New England Family Institute, was in his office when he heard a noise. On investigation, Fitzgerald discovered Haines in an office where equipment was stored, kneeling over an assortment of camera equipment that had been partially disassembled. When Fitzgerald first saw Haines he thought he might be waiting for someone, but once he noticed the video equipment, he realized Haines was attempting to steal it. When Fitzgerald threatened to call the police, Haines ran down the stairs and out the door. On that day the building was not locked. Furthermore, the door to the third floor was open. Although Fitzgerald testified that the building “felt private,” he further testified that it clearly was not a private residence.
II.
Haines argues on appeal that the evidence was insufficient as a matter of law to prove all the elements of burglary beyond a reasonable doubt. The burglary statute reads:
A person is guilty of burglary if he enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein.
17-A M.R.S.A. § 401(1) (1983) (emphasis added). Haines argues that the prosecution presented insufficient evidence to prove the element of knowledge.
The purpose of the prohibition against burglary is to protect the integrity of a home or other structures. One commentator has noted that “[bjurglary is an offense against the security of habitation or occupancy, rather than against ownership or property.” C. Torcia, Wharton’s Criminal Law § 326, at 186-87 (14th ed. 1980). Despite the elimination of the “breaking” element of the former statutes, 17 M.R.S.A. §§ 751-755, the trespassory aspect of the offense has been retained under our present criminal code. State v. Thibeault, 402 A.2d 445, 448 (Me.1979). The accused’s knowledge that he was not licensed or privileged to enter the structure must, therefore, be determined as a distinct element from and without reference to his intent to commit a crime once inside. Id. at 449. Otherwise, every act of theft inside a structure would be converted from a larceny into a burglary if the perpetrator had the intent to commit a theft when entering the structure. See State v. Harper, 246 Kan. 14, 785 P.2d 1341 (1990); People v. Graves, 76 N.Y.2d 16, 556 N.Y.S.2d 16, 555 N.E.2d 268 (1990). We expressly rejected such a construction of section 401 in Thibeault, 402 A.2d at 449.
The State argues that evidence of the fact that Haines ran from the building when confronted by Fitzgerald and his lack of a reasonable explanation for being in the building, together with the inferences drawn therefrom, is enough to prove Haines’s knowledge that he had no license or privilege to be in the building. It is equally probable, however, that Haines declined to give a reasonable explanation for his presence and ran when confronted because he was caught trying to steal video equipment, not because he knew he was *860 not licensed to be in the building. The factfinder could not rationally reject the alternative explanation as sufficient to generate a reasonable doubt. Although the building was not a “public place” in the same sense as a shopping mall or an airport, the evidence indicated that any person was welcome to walk in from the street. Thus, the evidence proving the element of knowledge of no license or privilege to enter the building was insufficient as a matter of law.
The entry is:
Judgment vacated on Count I; judgments affirmed on Counts II and III.
Remanded for entry of a judgment of acquittal on Count I.
All concurring.