MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:        2023 ME 39
Docket:          Oxf-22-260
Submitted
  On Briefs:     April 19, 2023
Decided:         July 20, 2023

Panel:           STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE and DOUGLAS, JJ.

## STATE OF MAINE

v.

## HARRY D. EVERY

CONNORS, J.

[¶1]  Harry D. Every appeals from a judgment of conviction for burglary (Class A), 17-A M.R.S. § 401(1)(B)(1) (2018), entered by the trial court (Oxford County, *Lipez, J.*) after a jury trial.[1]  The issue presented relates to the

---

[1] Every was also convicted of the following other crimes, which convictions he does not appeal: domestic violence criminal threatening with a dangerous weapon (Class C), 17-A M.R.S. § 209-A(1)(A) (2018); domestic violence terrorizing with a dangerous weapon (Class C), 17-A M.R.S. § 210-B(1)(A) (2018); domestic violence reckless conduct with a dangerous weapon (Class C), 17-A M.R.S. § 211-A(1)(A) (2018); and obstructing report of crime or injury (Class D), 17-A M.R.S. § 758(1)(A) (2018).  We cite to the 2018 versions of the statutes, the ones in effect at the time of Every's criminal conduct, because 17-A M.R.S. §§ 209-A(1)(A), 210-B(1)(A) and 211-A(1)(A) were recently amended, though the amendments are not relevant to this appeal.  *See* P.L. 2021, ch. 647, §§ B-22, B-25, B-29 (effective Jan. 1, 2023) (codified at 17-A M.R.S. §§ 209-A(1)(A), 210-B(1)(A), 211-A(1)(A) (2023)).  Additionally, according to the indictment, the charges related to domestic violence were elevated from Class D to Class C under 17-A M.R.S. § 1252(4) (2018) because Every used a dangerous weapon.  Section 1252, however, had been repealed and replaced nearly eight months before the State charged Every.  *See* P.L. 2019, ch. 113, §§ A-1 to -2 (emergency, effective May 16, 2019) (codified at 17-A M.R.S. § 1604(5)(A) (2023)).  This error does not affect Every's convictions.  *See* M.R.U. Crim. P. 3(a) ("Error in the citation of a statute or its omission shall not be grounds for the dismissal of the complaint or for reversal of a conviction if the error or omission was not prejudicially misleading.").

2

circumstances in which an ex-domestic partner can be "not licensed or privileged" to be on the premises where he previously lived with his former partner. We affirm the judgment.

## I. BACKGROUND

[¶2]  Because Every's appeal is limited to challenging his burglary conviction, we recite only the facts relevant to that crime. "Viewing the evidence admitted at trial in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt." *State v. Athayde*, 2022 ME 41, ¶ 2, 277 A.3d 387.

[¶3]  Every and the victim were in a romantic relationship from 2003 to 2019. They never married and are the parents of one daughter. In 2019, the three were living in a house that the victim rented in western Maine. Although there was no written lease, the victim signed a paper identifying the house's occupants, which included herself, Every, their daughter, and their pets. She was legally and financially responsible for the home.

[¶4] On Friday, December 6, 2019, the victim ended her relationship with Every. The victim informed Every that she would spend the weekend at her parents' residence and that he needed to move out by that Sunday. He complied by taking all his clothes and moving into his other child's home in Dixfield.

[¶5]   Throughout December, Every messaged and called the victim incessantly.  One night Every called the victim roughly fifty times, and she began to fear that he would do "something" to himself or to her.  Every still had housekeys that he refused to return despite the victim asking him to do so, and at times he would come and go from the house when he pleased despite not having permission from the victim.  The victim started barricading the doors with furniture at night in case he tried to enter.

[¶6]  On January 3, 2020, while at work, the victim received a message from Every asking permission to go to the house to visit their dog.  She agreed on the condition that he leave before she returned home at roughly 6:00 p.m.  She granted him this permission because their daughter was home sick and Every could check on her.  Every spent the day there and left around 5:30 p.m.

[¶7]  The victim came home and spent the night with the daughter.  She went to bed around 12:45 a.m. after checking to make sure that the front door was locked and secured with furniture.  At some point that evening, unbeknownst to the victim, Every entered the house through the basement.  He knew that the victim did not want him there and that he was supposed to leave the house by 6:00 p.m.  Every had been drinking heavily and had a handgun with him.  Around 1:15 a.m., Every went upstairs and terrorized the victim with

4

the handgun, resulting in the other convictions not at issue here. The victim and the daughter both called 9-1-1 and left the house through a window. The police arrived, coaxed Every out of the house, and arrested him.

[¶8] Every was indicted for various offenses, including burglary, 17-A M.R.S. § 401(1)(B)(1). After the State rested in his jury trial, held in July 2022, Every moved to acquit, asserting that the State had failed to prove that he was not licensed or privileged to be in the house because he was legally present on the premises as a tenant. *See* M.R.U. Crim. P. 29(a). The court denied the motion and the jury ultimately found him guilty. Before sentencing, Every again moved for a judgment of acquittal, *see* M.R.U. Crim. P. 29(b), making the same argument, and the court again denied his motion. The court reasoned that the licensed or privileged element focuses on actual or constructive possession of the premises, and that the jury could have found that Every had moved out; needed permission to visit; left the house before the victim returned that day; and, given that he entered the house surreptitiously through the basement during the night, knew he was not permitted to enter.[2] Every timely appealed.

---

[2] Every was sentenced to fifteen years' imprisonment with all but six years suspended and four years of probation on the burglary charge, five years' imprisonment on each of the three charges related to domestic violence, and 364 days' imprisonment on the charge of obstructing report of crime or injury, with all sentences to be served concurrently.

## II. DISCUSSION

[¶9]  The burglary statute provides that a person is guilty of burglary if "[t]he person enters or surreptitiously remains in a structure knowing that that person is not licensed or privileged to do so, with the intent to commit a crime therein."  17-A M.R.S. § 401(1)(A).  Every contends that the State failed to prove that he knew that he was "not licensed or privileged" to be in the house that night because he claims he had a legal right to be there.[3]

[¶10]  As the trial court reasoned and contrary to Every's contentions, "licensed or privileged" within the meaning of the statute refers to a defendant's possessory or occupancy rights, not legal rights or interests, and whether a defendant knew that he lacked the right to possess or occupy a structure is a question for the fact finder to answer based on the totality of the circumstances. *See State v. Haines*, 621 A.2d 858, 859 (Me. 1993) (noting that "burglary is an offense against the security of habitation or occupancy, rather than against ownership or property" (alteration and quotation marks omitted)); *State v. McMillan*, 973 A.2d 287, 291-92 (N.H. 2009) (explaining that burglary is

---

[3] Every also argues that the State failed to prove that he went into the house with the intent to commit a crime therein.  This argument is unpersuasive.  The jury was instructed that the crime Every intended to commit therein could be one of the other crimes with which he was charged.  The jury found Every guilty of three domestic violence charges, so there is a reasonable inference that the jury found that he entered the house with the intent to commit at least one of the domestic violence crimes, satisfying that element of burglary.  *See* 17-A M.R.S. §§ 209-A, 210-B, 211-A.

6

focused on the safety of the occupant and holding "that the fact finder must look beyond legal title and evaluate the totality of the circumstances in determining whether a defendant had license or privilege to enter"); *see also State v. Hagedorn*, 679 N.W.2d 666, 671 (Iowa 2004) ("Surely a spouse who stays in the marital residence after the other spouse has moved out should be able to enjoy the security and sanctity of his or her home without the necessity of obtaining a restraining order."); 15 M.R.S. § 752 (2023) ("In an offense in any way relating to real or personal estate, it is sufficient and not a variance if it is proved at trial that, when the offense was committed, the actual or constructive possession of [the property] was in the person . . . alleged in the indictment to be the owner thereof.").

[¶11]  There is sufficient evidence in the record from which the jury could find that Every knew that he lacked the right to possess or occupy the house the night of the offense. *See State v. Thomas*, 2022 ME 27, ¶ 30, 274 A.3d 356.  The jury heard testimony from the victim that she told Every that he needed to move out nearly a month earlier and that he complied.  Every conceded at trial that he knew that the victim did not want him there when she was there, he sought her permission to be there the day of the offense, and his permission expired at 6:00 p.m.  The jury could have reasonably found that one generally

does not ask for permission to be in a structure they believe they have a right to possess or occupy.  This is supported by the surreptitious manner in which he entered the house, in the middle of the night, through the basement.  The jury rationally could have found that Every knew that he was not licensed or privileged to be in the house at the time of the offense.

The entry is:

Judgment affirmed.

---

James P. Howaniec, Esq., Lewiston, for appellant Harry D. Every

Neil E. McLean Jr., District Attorney, and Alexandra W. Winter, Asst. Dist. Atty., Prosecutorial District III, Lewiston, for appellee State of Maine

Oxford County Unified Criminal Docket docket number CR-2020-30009
FOR CLERK REFERENCE ONLY